Danielle H. Moore (SBN 232480)
  E-Mail: dmoore@fisherphillips.com
James C. Fessenden (SBN 238663)
  E-Mail: jfessenden@fisherphillips.com
Dennis P. Gallagher (SBN 301453)
  E-Mail: dgallagher@fisherphillips.com
Matthew C. Costello (SBN 363763)
  E-Mail: mcostello@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California  92121
Telephone:  (858)597-9600
Facsimile:  (858)597-9601

Attorneys for Defendant
Thermo Fisher Scientific Asheville LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAIGE GOURLEY,<br><br>                   Plaintiff,<br><br>          v.<br><br>THERMO FISHER SCIENTIFIC ASHEVILLE LLC, RIK BASI, KEVIN LOWITZ, and DOES 1 to 100, inclusive,<br><br>                   Defendants. | CASE NO.: **'26 CV 1917 AJB  AHG**<br>*Unlimited Jurisdiction*<br><br>*[Previously San Diego Superior Court Case No. 26CU001587C, before the Honorable Gregory W. Pollack]*<br><br>**DEFENDANT THERMO FISHER SCIENTIFIC ASHEVILLE LLC'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446**<br><br>*[Filed concurrently with the Declarations of Alexa Herndon and Dennis Gallagher]*<br><br>State Complaint filed:  January 14, 2026 |

/ / /

/ / /

/ / /

/ / /

/ / /

FP 62038546.5

# <u>TABLE OF CONTENTS</u>

**PAGE(S)**

I.    BACKGROUND, PROCESS, PLEADINGS, AND ORDERS ....................................1

II.   STATEMENT OF JURISDICTION AND GROUNDS FOR REMOVAL................2

  A.   Diversity of Citizenship Exists. ..........................................................................3

    1.   Plaintiff Is a Citizen of California. ............................................................3

    2.   Defendant Thermo Fisher Scientific Asheville.........................................4

    3.   Lowitz and Basi area sham defendants and should be disregarded for the purposes of determining diversity jurisdiction. .........................................6

      a.    Plaintiff Fails to State a Cause of Action Against Lowitz and Basi...................7

        (1)    Plaintiff's Work Environment Harassment Claim Against Lowitz Fails....7

        (a)    The Alleged Conduct Does Not Rise to the Level of Harassment ...........7

        (b)    The Harassment Cause of Action is Barred by the Statute of Limitations ........................................................................................10

        (2)    Plaintiff Fails to State a Work Environment Harassment Claim Against Basi .........................................................................................11

        (a)    The Alleged Conduct Does Not Rise to the Level of Harassment .........11

        (b)    The Harassment Cause of Action is Barred by the Statute of Limitations 12

        (3)    Plaintiff's Intentional Infliction of Emotional Distress Claim Against Lowitz or Basi .............................................................................13

        (a)    Plaintiff's Civil Claim for IIED is Precluded by The Workers' Compensation Act............................................................................... 14

        (b)    The Alleged Conduct Does Not Rise to the Level of IIED.................... 15

        (c)    The IIED Cause of Action is Barred by the Statute of Limitations........ 15

    4.   Citizenship of Doe Defendants. ..........................................................16

  B.   The Amount in Controversy Exceeds $75,000 As Set Forth in Plaintiff's Complaint. ........................................................................................................16

III.  TIMELINESS OF REMOVAL .......................................................................22

IV.   VENUE ...........................................................................................................22

V.    CONSENT TO REMOVAL ...........................................................................22

VI.   SERVICE ON THE STATE COURT ..............................................................22

VII.  NO ADMISSION ...........................................................................................22

# <u>TABLE OF AUTHORITIES</u>

**PAGE(S)**

**Federal Cases**

*Aguilar v. McKesson Corp.*,
2016 U.S. Dist. LEXIS 61342 (E.D. Cal. May 6, 2016)............................................................5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................................................7

*Aucina v. Amoco Oil, Co.*,
871 F.Supp. 332 (S.D. Iowa 1994) .........................................................................................20

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................................................7

*Boyle v. Lorimar Prods., Inc.*,
13 F.3d 1357 (9th Cir. 1994) ..................................................................................................20

*Brady v. Mercedez-Benz USA, Inc.*,
243 F.Supp.2d 1004 (N.D. Cal. 2002) ....................................................................................19

*Braunling v. Countrywide Home Loans, Inc.*,
220 F.3d 1154 (9th Cir. 2000) ................................................................................................13

*Cain v. Hartford Life & Acc. Ins. Co.*,
890 F.Supp.2d 1246 (C.D. Cal. 2012) ....................................................................................18

*Christ v. Staples, Inc.*,
2015 WL 248075 (C.D. Cal. Jan. 20, 2015) .............................................................................8

*Dart Cherokee Basin Operating Co. v. Owens*,
135 S.Ct. 547 (2014).............................................................................................................17

*Davenport v. Mut. Benefit Health and Accident Ass'n*,
325 F.2d 785 (9th Cir. 1963) ..................................................................................................19

*Dixon v. Perry*,
No. 2:25-cv-09112-JFW-SKx, U.S. Dist. LEXIS 264420 (C.D. Cal. Dec. 12, 2025) ..............3

*Ehrman v. Cox Communications, Inc.*,
932 F.3d 1223 (C.D. Cal. 2019).............................................................................................4

*Emrich v. Touche Ross & Co.*,
846 F.2d 1190 (9th Cir. 1988) ................................................................................................22

*Fischel v. Equitable Life Assurance Soc'y of U.S.*,
307 F.3d 997 (9th Cir. 2002) ..................................................................................................21

*Gilbert v. David*,
  235 U.S. 561 (1915)........................................................................................................3

*Grancare, LLC v. Thrower, by and through Mills*,
  889 F.3d 543 (9th Cir. 2018) .........................................................................................7

*Harding* v. *U.S. Figure Skating Ass'n*,
  851 F.Supp. 1476 (D. Or. 1994) ...................................................................................16

*James v. Childtime Childcare, Inc.*,
  No. S-06-2676, 2007 WL 1589543 *2 n.1 (E.D. Cal., June 1, 2007)............................18

*Johnson v. Columbia Properties Anchorage, LP*,
  437 F.3d 894 (9th Cir. 2006) .........................................................................................4

*Kanter v. Warner-Lambert Co.*,
  265 F.3d 853 (9th Cir. 2001) .........................................................................................3

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*,
  199 F.Supp.2d 993 (C.D. Cal. 2002) ...........................................................................17

*Kortan v. Cal. Youth Auth.*,
  217 F.3d 1104 (9th Cir. 2000) ...........................................................................9, 10, 11

*Lew v. Moss*,
  797 F.2d 747 (9th Cir. 1986) .........................................................................................3

*Manatt v. Bank of America, NA*,
  339 F.3d 792 (9th Cir. 2003) .............................................................................8, 9, 10, 11

*Mayes v. Hallmark Ins. Co. of Texas*,
  114 F.4th 1077 (9th Cir. 2024) .....................................................................................22

*Mondragon v. Cap One Auto Fin.*,
  736 F.3d 880 (9th Cir. 2013) .........................................................................................3

*Montero v. AGCO Corp.*,
  192 F.3d 856 (9th Cir. 1999) .........................................................................................9

*Moore v. JMK Golf LLC*,
  CU-11-00162, 2013 Jury Verdicts LEXIS 9416 (Cal. Supper. Ct. Sept. 16, 2013) ...............19

*Morris v. Princess Cruises, Inc.*
  236 F.3d 1061 (9th Cir. 2001) .......................................................................................7

*Newcombe v. Adolf Coors Co.*,
  157 F.3d 686 (9th Cir. 1998) .......................................................................................16

*Nielsen v. Trofholz Technologies, Inc.*,
  750 F.Supp.2d 1157 (E.D. al. 2010) ..............................................................................9

*Parker-Williams v. Charles Tini & Associates, Inc.*,
 53 F.Supp.3d 149 (D.D.C. 2014)............................................................21

*Richmond v. Allstate Ins. Co.*,
 897 F.Supp. 447 (S.D. Cal. 1995)......................................................17, 18

*Rippee v. Boston Market Corp.*,
 408 F.Supp.2d 982 (S.D. Cal. 2005).......................................................17

*Rivera v. Costco Wholesale Corp.*,
 2008 U.S. Dist. LEXIS 58610 (N.D. Cal. July 11, 2008)..........................18

*Sanchez* v. *Monumental Life Ins. Co.*,
 95 F.3d 856 (9th Cir. 1996), amended (9th Cir. 1996) 102 F.3d 398......................16

*Smith v. Simmons*,
 2008 WL 744709 (E.D. Cal. 2008)...........................................................3

*Spielman v. Genzyme Corp.*,
 251 F.3d 1 (1st Cir. 2001)........................................................................17

*State Farm Mut. Auto Ins. Co. v. Campbell*,
 538 U.S. 408 (2003)..............................................................................20

*The Hertz Corp. v. Friend*,
 130 S.Ct. 1181 (2010)..............................................................................5

*United Computer Systems, Inc. v. AT&T Corp.*,
 298 F.3d 756 (9th Cir. 2002) ..................................................................22

*Vasquez v. Del Rio Sanitarium, Inc.*,
 BC411724, 2010 WL 8741945 Jury Verdits LEXIS 51699 (Cal. Super. Ct. Dec. 3,
 2010) ....................................................................................................19

*Velez v. Roche*,
 335 F.Supp.2d 1022 (N.D. Cal. 2004) .....................................................19

*Wrysinski v. Agilent Technologies, Inc.*,
 SCV 13516, 2004 WL 5656536 Jury Verdict LEXIS 49775 (Cal. Super. Ct. June 17,
 2004) ....................................................................................................19

**State Cases**

*Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*,
 24 Cal.4th 800 (2001) ............................................................................14

*Cole v. Fair Oaks Fire Protection Dist.*,
 43 Cal.3d 148 (1987) .............................................................................14

*Cornell v. Berkeley Tennis Club*,
18 Cal.App.5th 908 (2017) ...............................................................................................15

*Drzewiecki v. H&R Block, Inc.*,
24 Cal.App.3d 695 (1972) ................................................................................................18

*Hagan v. Archdiocese of Los Angeles*,
BC146615, 2001 WL 803303 (Cal. Super. Ct. May 28, 2001) (Doc. 5-1, Ex. 2, ) .................19

*Jones v. Lodge at Torrey Pines Partnership*,
42 Cal.4th 1158 (2008) ....................................................................................................14

*Kim v. Konad USA Distribution, Inc.*,
226 Cal.App.4th 1336 (2014) ...........................................................................................14

*Landis v. Pinkertons, Inc.*,
122 Cal.App.4th 985 (2004) .............................................................................................19

*Light v. California Dept. of Parks & Recreation*,
14 Cal.App.5th 75 (2017) .................................................................................................15

*Lopez v. Bimbo Bakeries USA, Inc.*,
No. A119263, 2009 WL 1090375 (Cal. Ct. App. Apr. 23, 2009) ............................................20

*Miklosy v. Regents of Univ. of Cal.*,
44 Cal.4th 876 900-01 (2008) ..........................................................................................14

*Pollock v. Tri-Modal Distribution Services, Inc.*,
11 Cal.5th 918 (2021) ..............................................................................................10, 12

*Rabaga-Alvarez v. Dart Indus., Inc.*,
55 Cal.App.3d 91 (1976) ..................................................................................................18

*Reno v. Baird*,
18 Cal.4th 640 (1998) ......................................................................................................14

*Thompson v. City of Monrovia*,
186 Cal.App.4th 860 (2010) ..............................................................................................8

*Torres v. BE Aerospace, Inc.*,
JVR No. 1606300035, 2016 WL 3552983 (Cal. Sup. Ct. 2013) ...........................................20

*Wassmann v. South Orange County Community College District*,
24 Cal.App.5th 825 (2018) ...............................................................................................15

*Williams v. Pacific Mutual Life Ins. Co.*,
186 Cal.App.3d 941 (1986) .......................................................................................11, 12

TABLE OF AUTHORITIES
THERMO FISHER'S NTC AND PETITION OF REMOVAL

FP 62038546.5

**Federal Statutes**

28 U.S.C. §§ 84(c), 1391(a), and 1441(a).................................................................22

28 U.S.C. § 1332.................................................................................................1, 17

28 U.S.C. § 1332(a) .............................................................................................2, 5

28 U.S.C. §§ 1332(a)(1) and 1441(a) ......................................................................21

28 U.S.C. § 1332(c)(1)..............................................................................................5

28 U.S.C. § 1391(c)(1)..............................................................................................3

28 U.S.C. § 1441(a) ......................................................................................1, 3, 16

28 U.S.C. § 1441(b)(1) .............................................................................................5

28 U.S.C. § 1446.......................................................................................................1

28 U.S.C. § 1446(a) ..............................................................................................1, 2

28 U.S.C. § 1446(b)................................................................................................22

28 U.S.C. § 1446(c)(2).............................................................................................17

28 U.S.C. § 1446(d)................................................................................................22

**State Statutes**

Civil Code § 3294 ..................................................................................................20

Government Code §§ 12960(e), 12965(c) ...........................................................10, 12

Government Code § 12965(c)...............................................................................10, 12

Labor Code § 1102.5..................................................................................................1

Labor Code §§ 3600-3602, 5300 .............................................................................14

**Other Authorities**

*Plata v. Target Corp.*,
    2016 WL 6237798 ...............................................................................................18

**TO PLAINTIFF PAIGE GOURLEY, HER COUNSEL OF RECORD, AND THE CLERK OF THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Thermo Fisher Scientific Asheville LLC ("Thermo Fisher Scientific Asheville" or "Defendant") hereby removes the above-captioned action (the "Action") from the Superior Court of the State of California for the County of San Diego ("State Court") to the United States District Court for the Southern District of California pursuant to 28 U.S.C. section 1332, 28 U.S.C. section 1441(a), 28 U.S.C. section 1446, and all other applicable bases for removal. Defendant hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. section 1446(a) (emphasis added).

## I.  BACKGROUND, PROCESS, PLEADINGS, AND ORDERS

1.  On January 14, 2026, Plaintiff Paige Gourley ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of San Diego, captioned *Paige Gourley v. Thermo Fisher Scientific Asheville LLC, Rik Basi, Kevin Lowitz,* a*nd Does 1 to 100, inclusive,* Case No. 26CU001587C (the "Complaint"). The Complaint purported to assert eight causes of action against Defendant stemming from Plaintiff's employment, for: (1) discrimination – gender, disability, and use of protected leave; (2) hostile work environment harassment; (3) retaliation; (4) failure to prevent discrimination, harassment, or retaliation; (5) whistleblower retaliation in violation of California Labor Code section 1102.5; (6) negligent hiring, supervision, and retention; (7) wrongful termination of employment in violation of public policy; and (8) intentional infliction of emotional distress. *See* Declaration of Dennis P. Gallagher, II, in Support of Defendant's Notice to Federal of Removal ("Gallagher Decl."), ¶3, Exhibit ("Ex.") A - Complaint. All causes of action are alleged against Thermo Fisher Scientific Asheville. *Ibid.* Only the Second and Eighth Causes of Action for harassment and intentional infliction of emotional distress, respectively, are alleged against Basi and Lowitz. *Ibid.*

///

2. On January 14, 2026, the Court assigned the matter to the Honorable Gregory W. Pollack in Department C-71 for all purposes. Gallagher Decl., ¶4.

3. On January 14, 2026, the Court issued a Notice of Case Management Conference for June 15, 2026, at 1:30 p.m. in Department C-71. Gallagher Decl., ¶5, Ex. 5.

4. On January 14, 2026, Plaintiff filed the Civil Case Cover Sheet with the State Court. The Civil Case Cover Sheet states that the amount of damages sought exceeds $35,000. Gallagher Decl., ¶6, Ex. C.

5. On January 15, 2026, a Summons was filed by Plaintiff and issued. Gallagher Decl., ¶7, Ex. D.

6. On February 23, 2026, Thermo Fisher Scientific Asheville was served with the Summons and Complaint in the Action. *See* Declaration of Alexa Herndon, in Support of Defendant's Notice of Removal ("Herndon Decl."), ¶8.

7. Upon information and belief, as of the date of this filing, all Defendants, including fraudulently joined defendants Rik Basi ("Basi") and Kevin Lowitz ("Lowitz"), have been served in the Action. Herndon Decl., ¶9; Gallagher Decl. ¶9.

8. Written notice of Defendant's Notice and Petition for Removal to the Central District of California will be served on Plaintiff. Gallagher Decl., ¶10, Ex. E (exhibits omitted).

9. A copy of this Notice of Removal and Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of San Diego. Gallagher Decl., ¶11, Ex. F (exhibits omitted).

10. In compliance with 28 U.S.C. section 1446(a), the foregoing Exhibits A through F represent the entirety of all pleadings, process, and orders filed and to be filed in the Superior Court action. Gallagher Decl., ¶12.

## II.   STATEMENT OF JURISDICTION AND GROUNDS FOR REMOVAL

11. This Court has original jurisdiction over this action under 28 U.S.C. section 1332(a) because (i) Plaintiff and Defendant are citizens of different states, and (ii) the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and

FP 62038546.5

costs. The individual defendants are sham defendants because, *inter alia*, the claims pled against them are barred by the statute of limitations. Therefore, the individual sham defendants are irrelevant to federal jurisdiction, and the action is removable under 28 U.S.C. section 1441(a).

### A.    Diversity of Citizenship Exists.

### 1.    *Plaintiff Is a Citizen of California.*

12.    Citizenship of a natural person is established by domicile. 28 U.S.C. §1391(c)(1); *see also Gilbert v. David*, 235 U.S. 561, 569 (1915); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is established by physical presence and an intent to remain there indefinitely. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

13.    In her Complaint, Plaintiff asserts that she is a resident of the State of California. Gallagher Decl., ¶3, Ex. A – Complaint ¶1 ("Plaintiff was, at all times mentioned in this Complaint, a resident of San Diego County, California."). In addition, Plaintiff's employment records indicate that Plaintiff resided in Carlsbad, California, at the time of her separation. Herndon Decl., ¶6. Based on the foregoing, Defendant is informed that Plaintiff is still a citizen of the State of California and has no intent to leave California. *See Smith v. Simmons,* 2008 WL 744709 at *7 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile). Domicile once acquired is presumed to continue until it is shown to have been changed. *Mondragon v. Cap One Auto Fin.*, 736 F.3d 880, 885 (9th Cir. 2013). Furthermore, the "place where a person lives is taken to be his domicile until facts adduced establish to the contrary." *Dixon v. Perry*, No. 2:25-cv-09112-JFW-SKx, U.S. Dist. LEXIS 264420 at *8, (C.D. Cal. Dec. 12, 2025) *quoting NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 660, 615 (9th Cir. 2016)). Thus, for purposes of removal based on diversity, "a person's state of residence is presumptively considered their state of citizenship." *Dixon, supra*, 2025 U.S. Dist. LEXIS 264420 at *8 (*quoting Hernandez v. N. Am., Inc.*, No. 8:25-cv-00276-FWS-ADS), 2025 U.S. Dist. 56485 at *8 (C.D. Cal. Dec. 12,

2025)); *see Ehrman v. Cox Communications, Inc.*, 932 F.3d 1223, 1228 (C.D. Cal. 2019) (where plaintiff alleged he was a resident of California in the complaint, defendant's notice of removal met burden to survive motion for remand by alleging on information and belief that plaintiff is a citizen of California, where plaintiff did not challenge defendant's allegation factually).

14. Thus, Plaintiff has been and is domiciled in the United States in the State of California and has been and is a citizen of the United States and the State of California as of the date of the filing of her Complaint, and at the time of this removal. Plaintiff is not a citizen of Delaware.

### 2. *Defendant Thermo Fisher Scientific Asheville*

15. Defendant Thermo Fisher Scientific Asheville is a Delaware limited liability company, organized under the laws of the State of Delaware, and was so organized at all relevant times.  Herndon Decl., ¶3.

16. In determining the citizenship of a limited liability company, courts look to the citizenship of each member of the limited liability company.  (*Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Thermo Fisher Scientific Asheville LLC is a Delaware limited liability company, organized under the laws of the State of Delaware.  It was formed on or about August 19, 1974. Specifically:

a. The sole member of Defendant Thermo Fisher Scientific Asheville LLC is Life Sciences International LLC.  Life Sciences International LLC is a limited liability company organized under the laws of the State of Delaware.  It was formed on or about October 6, 2006.

b. The sole member of Life Sciences International LLC is Helmet Securities Limited, which is a private limited company incorporated under the laws of England and Wales.  A limited company formed under the laws of England and Wales is similar to an American limited liability company.  The company operates in England and has existed since approximately March 1958.

/ / /

THERMO FISHER'S NTC AND PETITION OF REMOVAL

FP 62038546.5

c.    The sole member and owner of Helmet Securities Limited is Life Sciences International Limited.  Life Sciences International Limited is a private limited company also incorporated under the laws of England and Wales, which is similar to an American limited liability company.  It operates in England and was formed on or about February 27, 1979.

d.    The sole member and owner of Life Sciences International Limited is Thermo Fisher Scientific LSI Luxembourg Sàrl.  Thermo Fisher Scientific LSI Luxembourg Sàrl is a private limited liability company organized under the laws of the Grand Duchy of Luxembourg.  This entity is also similar to an American limited liability company.  It operates in Luxembourg and was created on or about May 12, 2017.

e.    The sole member and owner of Thermo Fisher Scientific LSI Luxembourg Sàrl is Thermo Fisher Scientific, Inc., a Delaware corporation.  Thermo Fisher Scientific, Inc. is a corporation organized under the laws of the State of Delaware on or about November 9, 2006.

f.    For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. §1332(c)(1).  To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities.  *The Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010).  A corporation's principal place of business will typically be where the corporation maintains its headquarters.  *Id*.[1]

g.    Thermo Fisher Scientific Inc.'s principal place of business is in Waltham, Massachusetts.  Specifically, Thermo Fisher Scientific Inc.'s corporate

---

[1]   Doe defendants are disregarded when determining diversity jurisdiction for removal.  28 U.S.C. §1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *see Aguilar v. McKesson Corp.*, 2016 U.S. Dist. LEXIS 61342, at *5-6 (E.D. Cal. May 6, 2016) ("the citizenship of the unidentified Doe defendants is immaterial for determining diversity jurisdiction.").

headquarters is located at Waltham, Massachusetts, where its senior executives (including its officers, directors, corporate vice presidents, Executive Vice President Human Resources, and General Counsel) are based, where it exercises day-to-day control over its business, where all decisions relevant to Thermo Fisher Scientific Inc.'s business activities in the United States are made, directed, controlled, and/or coordinated, and where it performs the majority of its executive and administrative functions.

17. To the extent relevant, Thermo Fisher Scientific Asheville's principal place of business is in Asheville, North Carolina. Herndon Decl., ¶3. Defendant's corporate headquarters are located at 275 Aiken Road, Asheville, North Carolina, 28804-8740, which is where its senior executives (including its officers, directors, corporate vice presidents, Executive Vice President Human Resources, and General Counsel) are based, where it exercises day-to-day control over its business, where all decisions relevant to Defendant's business activities in the United States are made, directed, controlled, and/or coordinated, and where it performs the vast majority of its executive and administrative functions. *Id.* All resolutions of Defendant's Board of Directors, including resolutions regarding critical corporate decisions, are signed and passed in North Carolina. *Id.*

18. Accordingly, Thermo Fisher Scientific Asheville LLC is a citizen of Delaware and Massachusetts, but not California. These parties are therefore diverse.

### 3. *Lowitz and Basi area sham defendants and should be disregarded for the purposes of determining diversity jurisdiction.*

19. Plaintiff alleges hostile work environment harassment and intentional infliction of emotional distress against Lowitz and Basi; however, Plaintiff fails to state a cause of action against either Lowitz or Basi. As such, their inclusion in this matter cannot defeat diversity because they are fraudulently joined. Plaintiff names Lowitz and Basi as Defendants in the Action and alleges that both reside in California. Gallagher Decl. ¶3, Ex A - Complaint, ¶3. However, Lowitz's and Basi's citizenship must be disregarded for purposes of this Notice, and complete diversity exists because Lowitz and Basi have been fraudulently joined.

FP 62038546.5

20.     Fraudulent joinder can be established by showing an "inability of the plaintiff to establish a cause of action against the non-diverse party." *Grancare, LLC v. Thrower, by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). "[T]he defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant….'"  *Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001) (internal citations omitted).

21.     Plaintiff has brought two causes of action against Lowitz, Basi, and Thermo Fisher, jointly.  Gallagher Decl. ¶3, Ex A – Complaint.  The Action's claims asserted against Lowitz and Basi are time-barred because the Action claims specifically alleged against Lowitz and Basi are all be barred by the applicable statute of limitations under California law.  This is evidence that Lowitz and Basi's presence is fraudulent and a sham, having been named for no other purpose than an attempt to defeat diversity.

### a.     *Plaintiff Fails to State a Cause of Action Against Lowitz and Basi*

22.     Plaintiff names Lowitz and Basi as Defendants in two of her causes of action: (1) work environment harassment and (2) intentional infliction of emotional distress ("IIED").  These causes of action cannot be sustained against Lowitz and Basi.  To state a cause of action, a complaint must allege "*enough facts* to state a claim to relief that is *plausible on its face*." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).  To establish a "plausible" claim, the complaint must contain "more than labels and conclusions" or "formulaic recitations of the elements of a cause of action." *Twombly, supra*, 550 U.S. at p. 555.

### (1)     Plaintiff's Work Environment Harassment Claim Against Lowitz Fails

#### (a)     The Alleged Conduct Does Not Rise to the Level of Harassment

23.     In the Complaint, Plaintiff only alleges the following facts of work environment harassment related to Lowitz:

THERMO FISHER'S NTC AND PETITION OF REMOVAL

FP 62038546.5

- "In the Fall of 2017, Plaintiff informed her supervisor, Defendant Kevin Lowitz, that she was pregnant and intended to take a leave of absence to give birth. In response, Lowitz made repeated and discriminatory remarks, stating that he believed women should stay home with their children rather than pursues careers." Gallagher Decl. ¶3, Ex A – Complaint ¶ 13.

- "Following the birth of her child on May 7, 2018, Plaintiff took an approved leave of absence and returned to work on August 2018. Upon her return, Plaintiff learned that a male colleague named Andrew Robinson was received credit for projects that she had completed before her maternity leave. When Plaintiff raised this issue with Lowitz, he dismissed her concerns without investigation or corrective action." Gallagher Decl. ¶3, Ex A – Complaint ¶13.

24. None of the allegations in the Complaint support a claim against Lowitz for harassment and therefore Lowitz is a sham defendant and must be disregarded for purposes of removal.

25. To establish a harassment claim, a plaintiff must prove she was (1) "subjected to verbal or physical conduct" of a harassing nature; (2) "the conduct was unwelcome;" and (3) the conduct as sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment. *See Manatt v. Bank of America, NA*, 339 F.3d 792, 798 (9th Cir. 2003)(citing *Kang v. U. Lim America, Inc.*, 296 F.3d 810, 817 (9th Cir. 2002)). Actionable harassment "cannot be occasional, isolated, sporadic, or trivial[;] rather, the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature....'" *Thompson v. City of Monrovia,* 186 Cal.App.4th 860, 877 (2010) (citing *Aguilar v. Avis Rent A Car System, Inc.*, 21 Cal.4th 121, 129 (1999)). In addition, "[t]o state a FEHA harassment claim, an employee must allege facts showing that workplace harassment was severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees." *Christ v. Staples, Inc.*, 2015 WL 248075, at *6 (C.D. Cal. Jan. 20, 2015) (quoting *Hughes v. Pair,* 46 Cal.4th 1035, 1043 (2009)).

FP 62038546.5

Courts have ruled that "simple teasing" and "offhand comments," are not actionable. *See Manatt, supra,* 339 F.3d at p. 798. In *Manatt*, the Court ruled that plaintiff's allegations that defendant's repeated use of racial epithets, which occurred over a span of *two-and-a-half years*, did not constitute harassment because the conduct, although offensive and inappropriate, was not sufficiently "severe or pervasive to alter the conditions of [plaintiff's] employment and create an abusive work environment." *Id*. at pp. 795-98 ("Viewing the evidence in the light most favorable to [plaintiff] Manatt, we conclude that the conduct of Manatt's co-workers and supervisor—while offensive and inappropriate— did not so pollute the workplace that it altered the conditions of her employment. Her hostile work environment discrimination claim must therefore fail.") (*citing Vasquez v. County of Los Angeles,* 307 F.3d 884, 893 (9th Cir.2002) (finding no hostile environment discrimination where the employee was told that he had "a typical Hispanic macho attitude," that he should work in the field because "Hispanics do good in the field" and where he was yelled at in front of others); *Nielsen v. Trofholz Technologies, Inc.*, 750 F.Supp.2d 1157, 1169 (E.D. al. 2010)(finding that defendant's verbal attacks and requirement that plaintiff work 30 days straight "certainly has not shown that the harassment was severe and pervasive.").

26. In *Kortan v. Cal. Youth Auth.,* 217 F.3d 1104, 1111 (9th Cir. 2000), the court found there was no hostile work environment where the supervisor referred to females as "castrating bitches," "Madonnas," or "Regina" in front of plaintiff on several occasions and directly called plaintiff "Medea." The court specified that "however offensive his language, [the conduct] was not severe or pervasive" enough to bring a hostile work environment claim. *Id.* (Specifying that the magnitude of conduct required for a hostile work environment claim is exemplified in *Montero v. AGCO Corp.,* 192 F.3d 856 (9th Cir. 1999), in which a plaintiff was subjected to crude gestures, supervisors grabbing their crotches while speaking to her, placing their faces on plaintiff's bottom, trying to bite her neck, etc.)

///

THERMO FISHER'S NTC AND PETITION OF REMOVAL

27.     If the Court in *Manatt* and *Kortan*, concluded that repeated racial epithets over two-and-a-half-years and directly calling the plaintiff and others derogatory terms does not rise to the level of "severe or pervasive to alter the conditions of [plaintiff's] employment and create an abusive work environment," then certainly the facts alleged in Plaintiff's Complaint against Lowitz do not rise to such level.  Instead, Lowitz's alleged conduct consists of personal offhand comments made in two isolated incidents, that even taken all together, simply do not constitute severe or pervasive conduct.  Gallagher Decl. ¶3, Ex A – Complaint ¶13.

(b)     The Harassment Cause of Action is Barred by the Statute of Limitations

28.     More importantly, Plaintiff's Second cause of action as to the individual defendants has expired under the statute of limitations. A plaintiff asserting harassment under FEHA must file an administrative complaint with the Civil Rights Department ("CRD") within three years of the alleged harassing conduct, and must file any civil action within one year after the CRD issues a right-to-sue notice.  Gov. Code §§12960(e), 12965(c).  *Pollock v. Tri-Modal Distribution Services, Inc.*, 11 Cal.5th 918, 935, 937 (2021)(A cause of action under FEHA begins to begin to run when "an aggrieved employee knows or reasonably should know" of the employer's unlawful practice).  Subject to limited exceptions, a right-to-sue notice shall issue no later than 150 days after the filing of the administrative complaint.  Gov. Code §12965(c).

29.     Here, Plaintiff's Complaint does not allege that Lowitz engaged in any alleged harassing conduct after August 2018.  Gallagher Decl. ¶3, Ex A – Complaint ¶13. Applying a 150-day issuance period to the end of the three-year limitations period under FEHA, and then the one-year period to file suit following issuance of the right-to-sue notice, the deadline to commence this action against Lowitz would have been no later than December 2022.  Plaintiff did not commence this Action until January 14, 2026—***over three years after her substantive right to sue would have elapsed***.  Gallagher Decl. ¶3, Ex A - Complaint.  Plaintiff does not provide any facts that her suggest her right to bring

THERMO FISHER'S NTC AND PETITION OF REMOVAL

the Action had not expired. *See Williams v. Pacific Mutual Life Ins. Co.*, 186 Cal.App.3d 941, 949-950 (1986)[the plaintiff's complaint "must allege facts which show that the [time to sue] has not expired"]. To the extent any alleged harassment occurred throughout the remainder of Plaintiff's employment, Plaintiff fails to (and cannot) allege Lowitz's involvement in such conduct.

30. Accordingly, Plaintiff fails to allege an actionable claim for harassment against Lowitz. Lowitz should therefore be declared nothing more than a sham defendant who must be disregarded for the purposes of determining the appropriateness of removal on the basis of diversity citizenship jurisdiction.

### (2) Plaintiff Fails to State a Work Environment Harassment Claim Against Basi

#### (a) The Alleged Conduct Does Not Rise to the Level of Harassment

31. In the Complaint, Plaintiff only alleges the following facts of work environment harassment related to Lowitz:

- "Basi served as one of Plaintiff's supervisors." Gallagher Decl. ¶3, Ex A – Complaint ¶14.

- "Shortly after assuming his role, Basi began to subject Plaintiff to ongoing mistreatment that was rooted in gender-based bias. Throughout early 2020, Basi routinely belittled and undermined Plaintiff in the workplace by raising his voice at her in meetings, threatening to issue formal disciplinary actions without cause, and making demeaning comments, including stating that Plaintiff was incapable of performing her job because she was 'too emotional.'" Gallagher Decl. ¶3, Ex A – Complaint ¶14.

32. None of the allegations in the Complaint support a claim against Basi for harassment and therefore Basi is a sham defendant and must be disregarded for purposes of removal.

33. The relevant legal standards are addressed in more detail above. If the Court in *Manatt* and *Kortan*, concluded that repeated racial epithets over two-and-a-half-years

FP 62038546.5

and directly calling the plaintiff and others derogatory terms does not rise to the level of "severe or pervasive to alter the conditions of [plaintiff's] employment and create an abusive work environment," then certainly the facts alleged in Plaintiff's Complaint against Basi do not rise to such level. Instead, Basi's alleged conduct consists of personal offhand comments made throughout early 2020, that even taken all together, simply do not constitute severe or pervasive conduct. Gallagher Decl. ¶3, Ex A – Complaint ¶13.

(b)   The Harassment Cause of Action is Barred by the Statute of Limitations

34.   More importantly, Plaintiff's Second cause of action as to the individual defendants has expired under the statute of limitations. A plaintiff asserting harassment under FEHA must file an administrative complaint with the Civil Rights Department ("CRD") within three years of the alleged harassing conduct, and must file any civil action within one year after the CRD issues a right-to-sue notice. Gov. Code §§12960(e), 12965(c). *Pollock v. Tri-Modal Distribution Services, Inc.*, 11 Cal.5th 918, 935, 937 (2021)(A cause of action under FEHA begins to begin to run when "an aggrieved employee knows or reasonably should know" of the employer's unlawful practice). Subject to limited exceptions, a right-to-sue notice shall issue no later than 150 days after the filing of the administrative complaint. Gov. Code §12965(c).

35.   Here, Plaintiff's Complaint does not allege that Basi engaged in any alleged harassing conduct after "early 2020." Gallagher Decl. ¶3, Ex A – Complaint ¶13. Applying a 150-day issuance period to the end of the three-year limitations period under FEHA, and then the one-year period to file suit following issuance of the right-to-sue notice, the deadline to commence this action against Basi would have been approximately September 2024. Plaintiff did not commence this Action until January 14, 2026—*over fifteen months after her substantive right to sue would have elapsed*. Gallagher Decl. ¶3, Ex A – Complaint. Plaintiff does not provide any facts that her suggest her right to bring the Action had not expired. *See Williams v. Pacific Mutual Life Ins. Co.*, 186 Cal.App.3d 941, 949-950 (1986)[the plaintiff's complaint "must allege facts which

show that the [time to sue] has not expired"]. To the extent any alleged harassment occurred throughout the remainder of Plaintiff's employment, Plaintiff fails to (and cannot) allege Basi's involvement in such conduct.

36. Accordingly, Plaintiff fails to allege an actionable claim for harassment against Basi. Basi should therefore be declared nothing more than a sham defendant who must be disregarded for the purposes of determining the appropriateness of removal on the basis of diversity citizenship jurisdiction.

### (3) Plaintiff's Intentional Infliction of Emotional Distress Claim Against Lowitz or Basi

37. In the Complaint, Plaintiff only offers conclusory allegations to support her claim for intentional infliction of emotional distress:

- "Here, Plaintiff has properly pleaded discrimination and wrongful termination based thereon, making Defendants' action, each of them, extreme and outrageous under fundamental California public policy." Gallagher Decl. ¶3, Ex A - Complaint ¶70.

- "Here, Plaintiff fulfills all required elements [of intentional infliction of emotional distress]: (1) Defendants' discrimination and wrongful termination…were done with malice, fraud, and oppression with the intent of causing Gourley emotional distress (or the least reckless disregard of such); (2) Gourley suffered emotional, physical, and mental injuries; and (3) said conduct was the proximate cause of Plaintiff's injury." Gallagher Decl. ¶3, Ex A – Complaint ¶71.

38. To establish a claim for IIED under California law, "a plaintiff must show, in relevant part, that the defendant engaged in extreme and outrageous conduct that exceeded the bounds of what is generally tolerated in a civilized society." *Braunling v. Countrywide Home Loans, Inc.*, 220 F.3d 1154, 1158 (9th Cir. 2000). None of Plaintiffs allegations rise to the level. However, assuming, *arguendo*, Plaintiff was able to sufficiently state a cause of action for IIED, Plaintiff's IIED claim would still fail against individual defendants Lowitz and Basi because the alleged emotional distress is expressly predicated on

13

FP 62038546.5

discrimination and wrongful termination. Gallagher Decl. ¶3, Ex A – Complaint ¶71. Since Plaintiff's allegations of emotional alleged emotional distress were caused by conduct attributable only to the employer—and not by any actionable conduct by Lowitz or Basi—she fails to (and cannot) plead that Lowitz or Basi caused her alleged injury. *See Jones v. Lodge at Torrey Pines Partnership*, 42 Cal.4th 1158 (2008)(Individual defendants cannot be liable for discrimination or retaliation under FEHA, only employers.); *Reno v. Baird*, 18 Cal.4th 640 (1998); *Miklosy v. Regents of Univ. of Cal.*, 44 Cal.4th 876 900-01 (2008); *Kim v. Konad USA Distribution, Inc.*, 226 Cal.App.4th 1336 (2014). Moreover, even if the conduct was attributed to the alleged allegations of sexual harassment, those claims would be barred under the statute of limitations as well.

(a)     Plaintiff's Civil Claim for IIED is Precluded by The Workers' Compensation Act

39.     Similarly, Plaintiff's Eighth cause of action for intentional infliction of emotional distress is precluded as the workers' compensation system is the only remedy available to employees suffering injuries "arising out of and in the course of employment." Lab. Code §§3600-3602, 5300. It is the "sole and exclusive remedy of the employee...against the employer." *Id.* at §3602(a). The workers' compensation system encompasses "all injuries 'collateral to or derivative of' an injury compensable by the exclusive remedies of the Workers' Compensation Act." *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal.4th 800, 813 (2001). As the California Supreme Court explained, an employee "may not avoid the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability." *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal.3d 148, 160 (1987). Applied here, Plaintiff's sole and exclusive remedy for supposed emotional distress lies within workers' compensation, thereby barring her civil cause of action.

/ / /

/ / /

THERMO FISHER'S NTC AND PETITION OF REMOVAL

FP 62038546.5

(b) <u>The Alleged Conduct Does Not Rise to the Level of IIED</u>

40.     To the extent any of Plaintiff's alleged emotional distress was caused by the alleged harassment by Lowitz or Basi, this claim will likewise fail because does not sufficiently plead her harassment cause of action against Lowitz or Basi. *See ante,* ¶¶22-29, 30-37; *see e.g. Cornell v. Berkeley Tennis Club*, 18 Cal.App.5th 908, 946 (2017)[plaintiff can pursue IIED claim in employment context where conduct at issue violates FEHA and the IIED claim is sufficiently stated]; *Light v. California Dept. of Parks & Recreation,* 14 Cal.App.5th 75, 101 (2017)(A plaintiff "may pursue a claim for intentional infliction of emotional distress in the employment context where the conduct at issue violates [the] FEHA *and also satisfies the elements of the claim.*" (emphasis added)).  As such, Plaintiff failed to state an actionable claim for harassment against Lowitz or Basi.  Consequently, Plaintiff fails to (and cannot) provide underlying conduct engaged in by Lowitz or Basi that is not time barred and would rise to the level of "extreme and outrageous" misbehavior.

(c) <u>The IIED Cause of Action is Barred by the Statute of Limitations</u>

41.     A plaintiff must bring a claim for IIED within two years from when the cause of action accrues.  *Wassmann v. South Orange County Community College District*, 24 Cal.App.5th 825, 854 (2018)(statute of limitations for intentional infliction of emotional distress is two years from when the cause of action accrues).  For the purposes of the statute of limitations, a claim for IIED accrues when the plaintiff "'suffers severe emotional distress as a result of outrageous conduct on the part of the defendant.'"  *Id.* at p. 853 (citation omitted).  Here, Plaintiff fails to specifically allege any facts underlying conduct engaged in by Lowitz or Basi that occurred on or after January 14, 2024.  Rather, Plaintiff merely offers broad conclusory allegations that "Defendants" engaged in various alleged wrongs.  *See, e.g., ante* ¶38.  Even assuming those allegations are true, all of the alleged wrongful conduct is specifically alleged to have occurred by the individual defendants occurred well before January 14, 2024 – the relevant limitations period for IIED claims.

THERMO FISHER'S NTC AND PETITION OF REMOVAL

FP 62038546.5

42.    Accordingly, Plaintiff fails to allege an actionable claim for IIED against Lowitz or Basi because – although the complaint goes to great lengths to describe specific alleged conduct that occurred on specific dates and times, none of the conduct as to Basi and Lowitz is alleged to have occurred within the relevant statute of limitations.  As such, Lowitz and Basi should therefore be declared nothing more than a sham defendant who must be disregarded for the purpose of determining the appropriateness of removal on the basis of diversity citizenship jurisdiction.

### 4.    Citizenship of Doe Defendants.

43.    The Complaint also names as Defendants Does 1 through 100 ("Doe Defendants").  The alleged Doe Defendants named in the Complaint are not considered in assessing diversity.  *See, e.g., Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C. §1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal.  As such, the district court was correct in only considering the domicile of the named defendants.").  Accordingly, the citizenship of the alleged Doe Defendants does not impact the diversity analysis for removal.

44.    Because Plaintiff is a citizen of California and Defendant is not a citizen of California, complete diversity of citizenship exists in this matter.

### B.    The Amount in Controversy Exceeds $75,000 As Set Forth in Plaintiff's Complaint.[2]

45.    Defendant need only show by a preponderance of the evidence - that it is more probable than not - that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez* v. *Monumental Life Ins. Co.,* 95 F.3d 856, 862 (9th Cir. 1996), amended (9th Cir. 1996)  102 F.3d 398,  404; *see also Harding* v. *U.S. Figure Skating Ass'n,* 851 F.Supp. 1476, 1480 (D. Or. 1994) ("remand is not proper unless it appears to a legal

---

[2] Defendant does not concede that Plaintiff has stated a claim on which relief can be granted, that she suffered any damages, or that Defendant is responsible for any damages she may have suffered.  In fact, Defendant denies all of these allegations and contends that Plaintiff's claims are meritless, and she is not entitled to any damages.  Defendant reserves all defenses, including, but not limited to, defenses relating to failure to mitigate, legitimate business reasons for termination, and the after acquired evidence defense.

FP 62038546.5

certainty that the amount in controversy is less than the jurisdictional amount"); *see also Spielman v. Genzyme Corp.,* 251 F.3d 1, 5 (1st Cir. 2001) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938).  The amount in controversy in any case includes claims for general and special damages, penalties, attorney's fees, and punitive damages.  *See, e.g.*, *Richmond v. Allstate Ins. Co.,* 897 F.Supp. 447, 449-450 (S.D. Cal. 1995); 28 U.S.C. §1332.

46.   Where removal is based on diversity of citizenship and the initial pleading seeks a monetary judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," (28 U.S.C. §1446(c)(2)), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014).

47.   In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in the complaint.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002).  The ultimate inquiry is the amount that is put "in controversy" by the plaintiff's complaint, and not how much, if anything, the defendant will actually owe.  *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005).

48.   Plaintiff seeks economic damages, which are comprised of back-pay (the money and fringe benefits the Plaintiff would have earned if the alleged discrimination and retaliation had not happened) and front-pay (the money and fringe benefits representing the plaintiff's alleged diminished earning power as a result of the discrimination and retaliation).  Complaint, ¶25, Prayer for Relief.  Although Defendant denies the validity and merit of Plaintiff's claims and the underlying allegations, and further denies that Plaintiff is entitled to any relief, Plaintiff's allegations establish an amount in controversy in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs, as set forth below.

THERMO FISHER'S NTC AND PETITION OF REMOVAL

FP 62038546.5

49.     Before Plaintiff's separation from employment on or about March 21, 2025, she earned an annual base salary of $194,320.75.  Herndon Decl., ¶7.  If Plaintiff were to recover back pay from the date of separation to present , she would recover at least $194,320.75 ($194,320.75 per year for 1 year), before interest.  Moreover, if the case proceeds to a final disposition by July 14, 2027 – just one year and six months from when the Complaint was filed and approximately two years and six months from separation from employment – and Plaintiff remains unemployed, the amount in controversy on lost wages would be a total of approximately **$485,801.88** ($194,320.75 per year for two years and six months).  *See James v. Childtime Childcare, Inc.*, No. S-06-2676, 2007 WL 1589543, *2 n.1 (E.D. Cal., June 1, 2007) ("The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages.").

50.     Front pay awards in California frequently span a number of years.  *See Rabaga-Alvarez v. Dart Indus., Inc.*, 55 Cal.App.3d 91, 97 (1976) (four years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal.App.3d 695, 705 (1972) (ten years).  Even conservatively estimating that Plaintiff seeks front pay for only the two years after a final disposition, the amount of future wages in controversy in this case would total at least an additional **$388,641.50** ($194,320.75 per year for two years).

51.     In order to establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous allegations.  *See Rivera v. Costco Wholesale Corp.*, 2008 U.S. Dist. LEXIS 58610, *10 (N.D. Cal. July 11, 2008) (*citing Simmons, supra*, 209 F.Supp.2d at p. 1033); *see also Cain v. Hartford Life & Acc. Ins. Co.*, 890 F.Supp.2d 1246, 1250 (C.D. Cal. 2012) ("Cain seeks to recover emotional distress from Hartford, which must be considered in this [amount in controversy] analysis."); *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995) ("The vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial."); *see also Plata v. Target Corp.,* 2016 WL 6237798, *3 (C.D. Cal. Oct. 25, / / /

2016) (finding it possible that plaintiff could obtain $25,000 in emotional distress damages for a wrongful termination claim where plaintiff had $0 estimated economic losses).

52.    Juries have frequently awarded more than $100,000 in emotional distress damages and more than $100,000 in punitive damages in other cases that similarly involved a defendant-employer allegedly terminating the plaintiff's employment. *See, e.g., Hagan v. Archdiocese of Los Angeles*, BC146615, 2001 WL 803303 (Cal. Super. Ct. May 28, 2001) (Doc. 5-1, Ex. 2, at 27-28) (plaintiff awarded $300,000 in emotional distress damages and $200,000 in punitive damages in FEHA discrimination case); *Vasquez v. Del Rio Sanitarium, Inc.*, BC411724, 2010 WL 8741945, 2010 Jury Verdicts LEXIS 51699 (Cal. Super. Ct. Dec. 3, 2010) (Doc. 5-1, Ex. 3) (plaintiff awarded $125,000 in emotional distress damages for wrongful termination under FEHA); *Wrysinski v. Agilent Technologies, Inc.*, SCV 13516, 2004 WL 5656536, 2004 Jury Verdicts LEXIS 49775 (Cal. Super. Ct. June 17, 2004) (Doc. 5-1, Ex. 4, at 32-34) (plaintiff awarded $117,000 in emotional distress damages and $3,854,320 in punitive damages for discrimination claim under FEHA); *Moore v. JMK Golf LLC*, CU-11-00162, 2013 Jury Verdicts LEXIS 9416 (Cal. Super. Ct. Sept. 16, 2013) (Doc. 5-1, Ex. 6, at 38-39); *Landis v. Pinkertons, Inc.*, 122 Cal.App.4th 985, 988 (2004) ($275,000 award for emotional distress damages associated with a wrongful termination claim); *Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence...that the plaintiff suffered heightened mental anguish"). Accordingly, using a conservative estimate, Plaintiff's alleged emotional distress damages contribute at least **$100,000** to the amount in controversy.

53.    Plaintiff also seeks punitive damages. The Court must take into account punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mut. Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady v. Mercedez-Benz USA, Inc.*,

FP 62038546.5

243 F.Supp.2d 1004, 1009 (N.D. Cal. 2002). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Punitive damages may be significant even when no compensatory damages are awarded. *Moore v. JMK Golf LLC,* 25 Trials Digest 16th 15, 2013 WL 3149228 (Cal. Sup. Ct. 2013) ($150,000 punitive damage award in a FEHA discrimination case); *Torres v. BE Aerospace, Inc.,* JVR No. 1606300035, 2016 WL 3552983 (Cal. Sup. Ct. 2013)($7,000,000 punitive damage award in FEHA gender discrimination suit); (plaintiff awarded $150,000 in punitive damages on discrimination claim); and *Lopez v. Bimbo Bakeries USA, Inc.*, No. A119263, 2009 WL 1090375 (Cal. Ct. App. Apr. 23, 2009) (California court of appeal upheld $2 million in punitive damages awarded to plaintiff for discrimination).

54.    A punitive damages award may equal as much as four times the amount of the actual damages award. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In *Aucina v. Amoco Oil, Co.*, 871 F.Supp. 332 (S.D. Iowa 1994), the defendant employer established that the amount in controversy exceeded the jurisdictional minimum in a discrimination and wrongful discharge lawsuit where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.* at p. 334.

55.    Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail on her punitive damages claim, that claim alone could exceed the jurisdictional minimum. Here, assuming Plaintiff were to recover punitive damages in an amount equal to her alleged compensatory damages, Plaintiff would recover at least **$874,443.38** (*i.e.*, the approximate equivalent of her alleged economic damages) for her alleged punitive damages.

/ / /

56.   In sum, although Defendant contends that Plaintiff's claims have no merit, when the relief sought by Plaintiff is taken as a whole, under either Plaintiff's own allocations or via calculations relative to the broader claims, the amount in controversy for Plaintiff's claims significantly exceeds the $75,000 jurisdictional threshold, as follows:

| Calculations Pursuant to Claims | Amount |
|---|---|
| Backpay | $485,801.88 |
| Front Pay | $388,641.50 |
| Emotional Distress (based on recent verdicts and judgments) | $100,000.00 |
| Punitive Damages | $874,443.38 |
| *Total Amount in Controversy before accounting for attorneys' fees* | *$1,848,886.76* |

57.   **_Attorneys' Fees_**.   Plaintiff also seeks to recover an unspecified amount in attorneys' fees. "When attorney fees are added into the equation," the conclusion that more than $75,000 is in controversy "becomes irresistible." *Parker-Williams v. Charles Tini & Associates, Inc.,* 53 F.Supp.3d 149, 152-153 (D.D.C. 2014).   In the Ninth Circuit, district courts have the discretion to calculate fee awards using either the lodestar method or the "percentage-of-the-fund" method. *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002) (citations omitted).)   Even where "the Court lacks the information required to calculate [attorneys'] fees, it is difficult to believe that the amount in controversy here could be lower than $75,000 when the [attorneys'] fees are factored in along with compensatory and punitive damages." *Parker-Williams, supra*, 53 F.Supp.3d at p. 152.   It is also more than likely that Plaintiff's attorney's fees, alone, will exceed $75,000 if this matter goes to trial.

58.   Thus, this Court has original subject matter jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§1332(a)(1) and 1441(a).

/ / /

/ / /

/ / /

THERMO FISHER'S NTC AND PETITION OF REMOVAL

FP 62038546.5

## III.   TIMELINESS OF REMOVAL

59.   This Notice of Removal is timely filed under 28 U.S.C. section 1446(b) as the Action has been filed and initiated in the Superior Court for the State of California, County of San Diego, and Defendant is a named party.  Gallagher Decl., ¶3, Ex. A - Complaint; *Mayes v. Hallmark Ins. Co. of Texas,* 114 F.4th 1077 (9th Cir. 2024).

## IV.   VENUE

60.   The Action was filed in the Superior Court of the State of California for the County of San Diego.  Defendant removes the Action to the United States District Court for the Southern District of California pursuant to 28 U.S.C. sections 84(c), 1391(a), and 1441(a).

## V.   CONSENT TO REMOVAL

61.   Both Lowitz and Basi have been fraudulently joined as individual Defendants in this action and, therefore, are sham defendants.  The Ninth Circuit has held that the "rule of unanimity" does not apply to sham defendants.  *United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988).

## VI.   SERVICE ON THE STATE COURT

62.   Pursuant to 28 U.S.C. section 1446(d), contemporaneously with the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be given by the undersigned to Plaintiff at her address of record and a copy of the Notice of Removal will be filed with the Clerk of the San Diego County Superior Court.

## VII.   NO ADMISSION

63.   By this filing, Defendant does not admit any liability, does not concede the accuracy of Plaintiff's allegations, and does not concede that Plaintiff is entitled to any of the relief sought in her Complaint, or any relief of any kind.

///

///

THERMO FISHER'S NTC AND PETITION OF REMOVAL

FP 62038546.5

**WHEREFORE**, the Action is hereby removed to this Court from the Superior Court of the State of California, County of San Diego.

Dated:  March 25, 2026                    **FISHER & PHILLIPS LLP**


By: /s/ *James C. Fessenden*
Danielle H. Moore
James C. Fessenden
Dennis P. Gallagher
Matthew C. Costello
Attorneys for Thermo Fisher Scientific
Asheville LLC

THERMO FISHER'S NTC AND PETITION OF REMOVAL

FP 62038546.5

# CERTIFICATE OF SERVICE

I, the undersigned, am over the age of 18 years and not a party to this action. I am employed in the County of San Diego with the law offices of Fisher & Phillips LLP and its business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On March 25, 2026, I served the following document(s) **DEFENDANT THERMO FISHER SCIENTIFIC ASHEVILLE LLC'S NOTICE AND PETITION OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, AND 1446** on the person(s) listed below as follows:

Anthony Nguyen
David Galloway
SHEGERIAN & ASSOCIATES, INC.
320 North Larchmont Boulevard
Los Angeles, California  90004

Telephone:  (310) 363-2380
Facsimile:  (310) 860-0771
E-Mail:  ANguyen@shegerianlaw.com;
DGalloway@Shegerianlaw.com
Attorneys for Paige Gourley

☐ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Diego, California, in a sealed envelope with postage fully prepaid.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by the overnight delivery carrier, FedEx, and addressed to the person(s) at the address(es) listed above. I then placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx.

✓ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above. My electronic service address is svalle@fisherphillips.com.

☐ **[by PERSONAL SERVICE]** - I caused the enclosed document(s) to be delivered by messenger by hand to the office(s) of the person(s) whose address(es) are listed above. The messenger, employed by [        ] at [              ], is over the age of 18 years and not a party to this action.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 25, 2026, at San Diego, California.

_____
Susan E. Valle

1

FP 62038546.5